UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT M.; and B.M., <br><br> Plaintiffs, <br><br> v. <br><br> OXFORD HEALTH INSURANCE, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS (DOC. NO. 3)** <br><br> Case No. 2:26-cv-00688 <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

B.M. and B.M.'s parent, Robert M., brought this action alleging Defendant violated the Employee Retirement Income Security Act of 1974[1] (ERISA) by denying insurance coverage for care B.M. received as a minor.[2]  Plaintiffs have filed a motion to proceed under initials[3] and a sealed notice containing their full names.[4]  Because this case involves B.M.'s highly sensitive and personal health information, Plaintiffs' motion is granted.  Any party who objects to Plaintiffs proceeding under initials may file a motion to vacate this order within seven days of the party's appearance in this case.[5]

---

[1] 29 U.S.C. § 1001 et seq.

[2] (*See* Compl., Doc. No. 1.)

[3] (Pls.' Mot. for Leave to Proceed Using Pseudonyms (Mot.), Doc. No. 3.)

[4] (Doc. No. 7.)

[5] *See* DUCivR 10-2(d).

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[6]  "Absent permission by the district court to proceed anonymously, . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[7]  However, Rule 5.2 of the Federal Rules of Civil Procedure provides that minors may be named using initials unless the court orders otherwise.[8]  Additionally, a party may proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity."[9]  In deciding whether to permit anonymity, courts exercise discretion in weighing these privacy interests against the public's interest in access to legal proceedings.[10]

## ANALYSIS

Where this case involves highly sensitive and personal health information, the motion is granted.  Plaintiffs' complaint contains sensitive details about B.M.'s personal

---

[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a) (requiring an action to "be prosecuted in the name of the real party in interest").

[7] *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[8] Fed. R. Civ. P. 5.2(a)(3).

[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[10] *See id.*

circumstances and the serious mental health issues B.M. confronted as a minor.[11] Because this information is "of a highly sensitive and personal nature," B.M. has a strong interest in the protection of B.M.'s identity.[12]  Additionally, Robert M.'s anonymity is warranted where disclosure of his full name would reveal B.M.'s identity.[13]

Further, public interest in the identities of the parties in this proceeding appears limited.  This case does not involve the sorts of important public issues giving rise to common interest—such as cases "attacking the constitutionality of popularly enacted legislation."[14]  Instead, this case involves private individuals challenging the denial of insurance benefits for care received by a minor.  Any public interest in this case is limited (at least at this time) to the precedential or persuasive value of the rulings in the case.  The use of initials does not diminish this value.

## CONCLUSION

Where this case implicates matters of a highly sensitive and personal nature regarding care received by a minor, Plaintiffs' motion to proceed under initials[15] is granted.  Plaintiffs may proceed under their initials in this action.  Plaintiffs shall provide

---

[11] (*See generally* Compl., Doc. No. 1.)

[12] *Femedeer*, 227 F.3d at 1246 (quoting *Frank*, 951 F.2d at 324).

[13] *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 U.S. Dist. LEXIS 116054, at *4 (D. Kan. July 12, 2018) (unpublished) (noting a child "and his parents share common privacy interests based on their inseparable relationship," because disclosure of a parent's identity would effectively disclose the child's identity).

[14] *See Femedeer*, 227 F.3d at 1246.

[15] (Doc. No. 3.)

3

a copy of the notice containing their full names to Defendants, and that filing shall remain under seal unless otherwise ordered.  Any party who objects to Plaintiffs proceeding under initials may file a motion to vacate this order within seven days of the party's appearance in this case.[16]

DATED this 31st day of July, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[16] *See* DUCivR 10-2(d).